UNITED STATES, Appellee,

v.

Specialist Four Johnny F. THORNTON, Jr., 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, United States Army, Appellant.

CM 447296.

U.S. Army Court of Military Review.

29 April 1986.

---

For Appellant: Lieutenant Colonel Arthur L. Hunt, JAGC, Major Marion E. Winter, JAGC, Captain Carolyn F. Washington, JAGC (on brief).

For Appellee: Lieutenant Colonel Gary F. Roberson, JAGC, Major Byron J. Braun, JAGC, Captain Jan M. Wamsted, JAGC (on brief).

Before WOLD, FELDER, and NAUGHTON, Appellate Military Judges.

## OPINION OF THE COURT

WOLD, Senior Judge:

Appellant was convicted, despite his plea of not guilty, of wrongfully opening, destroying, and stealing mail matter, a violation of Article 134, Uniform Code of Military Justice [UCMJ], 10 U.S.C § 934 (1982). Appellant's pretrial statement to a military investigator was an important part of the government's case. At trial, appellant contended that his statement was the product of an unwarned interrogation and that it was involuntary because he was intoxicated at the time he made it. Before us, appellant has abandoned his claim of an unwarned interrogation (which we find without merit in any event) but maintains that his statement was involuntary and therefore inadmissible.

Specifically, appellant now contends that his statement was involuntary as a result of the combined effects of two factors. The first factor cited is appellant's intoxication at the time of his statement. The second is a conversation between appellant and a military investigator which took place before appellant was advised of his rights to remain silent and to have counsel.[1]

The Military Rules of Evidence define an "involuntary" statement, *inter alia*, as one which is taken in violation of the due process clause or through the use of coercion, unlawful influence, or unlawful inducement.[2] Nevertheless, we must turn to the

---

1. This is the same conversation which led to appellant's claim of an unwarned interrogation at trial.

2. Rule 304 ("Confessions and admissions") provides in subsection 304(c)(3):

A statement is "involuntary" if it is obtained in violation of the self-incrimination privilege or due process clause of the Fifth Amendment to the Constitution of the United States, Arti-

precedents to determine what these phrases mean in actual application.

The ultimate test remains that which has been the only clearly established test in Anglo-American courts for two hundred years: the test of voluntariness. Is the confession the product of an essentially free and unconstrained choice by its maker? If it is, if he has willed to confess, it may be used against him. If it is not, if his will has been overborne and his capacity for self-determination critically impaired, the use of his confession offends due process.

*Culombe v. Connecticut,* 367 U.S. 568, 602, 815 S.Ct. 1860, 1879, 6 L.Ed.2d 1037 (1961). The totality of the circumstances, including the characteristics of the accused and the nature of the interrogation, are considered in applying this test. *Schneckloth v. Bustamonte,* 412 U.S. 218, 225–226, 93 S.Ct. 2041, 2047, 36 L.Ed.2d 854 (1973).

Two noteworthy cases have applied these principles to the effects of intoxicants on the voluntariness of statements.

*Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), dealt with drugs given by a police physician to ease the symptoms of withdrawal from narcotics.

If an individual's "will was overborne" or if his confession was not "the product of a rational intellect and a free will," his confession is inadmissible because coerced. These standards are applicable whether a confession is the product of physical intimidation or psychological pressure and, of course, are equally applicable to a drug-induced statement.

*Id.* at 307, 83 S.Ct. at 754 (footnotes, citations omitted).

*Gladden v. Unsworth,* 396 F.2d 373 (9th Cir.1968), applied *Townsend v. Sain* to a situation which, like the case at bar, involved voluntary alcohol intoxication.

If by reason of mental illness, use of drugs, or extreme intoxication, the confession in fact could not be said to be the product of a rational intellect and a free will, to the test in *Townsend v. Sain,* it is not admissible and its reception in evidence constitutes a deprivation of due process.

*Id.* at 380–381.

So far, our conclusions have closely paralleled those expressed in appellate defense counsel's able brief, from which we have liberally borrowed. At this point, however, our paths diverge.

■ Appellant argues that the evidence shows him to have been so intoxicated that his statement was involuntary under the above-cited criteria. We disagree. With respect to the intoxication issue, the trial judge made the following findings:

[Appellant] was under the influence of intoxicating liquor, specifically beer, on the date [his statement] was executed. I find specially that [appellant] was untruthful when he told his interrogators that he only had one or two beers. I find specially that he had more than that. I find specially that both [the military investigators involved in questioning appellant] had been truthful when they testified and the Court so finds, that they did not observe any noticeable indicia of intoxication when they interviewed him.... The Court finds from the evidence before me that [appellant] had somewhere between six and eighteen beers during that trip back [from Denver to Colorado Springs, Colorado]. I find specially, therefore, that he would be so intoxicated that he would be drunk within the meaning of Article [111, UCMJ]. I find specially, also, that nevertheless he was not so intoxicated that he did not know the identities of the individuals with whom he was dealing, such that he would have a defense to a specific intent offense or a specific knowledge crime. Presented for my determination, however, is this issue as to whether he voluntarily and knowingly waived his rights.

cle 31, or through the use of coercion, unlawful influence, or unlawful inducement.

Rule 305 ("Warnings about rights") provides, in subsection 305(a), that "[a] statement obtained in violation of this rule is involuntary and shall be treated under Mil.R.Evid. 304."

That is somewhere between the other two.

I am satisfied from the evidence before me, that although [appellant] was under the influence of intoxicants, that since he was able to conceal that intoxication from his interrogators for a four-hour period and render a lengthy and detailed statement, without indicating to them any indicia of his condition; I am satisfied from that evidence that [appellant] did knowingly and voluntarily waive his rights and did make the statement voluntarily.

We find the evidence sufficient to support the trial judge's findings and reach the same factual conclusions based on our own evaluation of the evidence of record. Furthermore, the trial judge's ruling, while not explicitly couched in the terms used in the above precedents, indicates that he applied essentially the same concepts. In short, we are satisfied that appellant's will was not overborne and that his statement was "the product of a rational intellect and free will" despite his prior ingestion of alcohol.

Appellant also argues, however, that the pre-warnings conversation, when combined with the effects of his intoxication, was sufficient to overbear his will and thereby render his statement involuntary.

▮ The essence of the pre-warnings conversation was summarized in the following testimony by the investigator involved:

I explained to [appellant] the information that was known at hand at that time, which was that the mail had been found as I have described, and I understood that he worked there in the mail room, where the mail had been found. I explained to him that, if he had been involved in opening mail, not delivering the mail as he was supposed to as the mail

clerk, or destroying any of it, then those were criminal offenses and that's why we were there. To talk to him that day, to find out if he had any involvement or not.

With respect to this pre-warnings conversation, the military judge made the the the following findings of fact at the conclusion of an evidentiary hearing on appellant's suppression motion:

I find specially that [the investigator's] activity was designed not to elicit an incriminating response, but to psychologically set up or influence [appellant] to waive his rights. [The investigator] or/and [appellant] did not, neither of them understand the activity to be a request for a statement then, but only a discussion, precedent to the advising of the right. That activity is not prohibited. As long, therefore, as the Court concludes that the accused was adequately and full informed of his rights and did knowingly and intelligently waive them, then the fact that [the investigator] talked to him beforehand, would not render any subsequent statement inadmissible.

▮ While the trial judge found that the pre-warnings conversation was designed to influence appellant to make a statement, he also found in this connection that appellant's waiver of his rights was knowing and voluntary.[3] Based on our own evaluation of the evidence of record, we agree.[4] Finally, we are satisfied that the combined effects of the pre-warnings conversation and the alcohol did not overbear appellant's will. This conclusion is implicit in the trial judge's rulings and is supported by the evidence discussed above.

---

**3.** *Cf. United States v. Dison,* 25 C.M.R. 120 (C.M.A.1958) (statement by intoxicated suspect must be both voluntary and made with an understanding of the rights to counsel and to remain silent).

**4.** We distinguish this case from one where deception or coercion was used by investigators in order to achieve a waiver of a suspect's rights.

We note that the use of such techniques could cast considerable doubt on the validity of a rights waiver but also that the record of trial and the judge's findings support no such inference here. *Miranda v. Arizona,* 384 U.S. 436, 476, 86 S.Ct. 1602, 1629, 16 L.Ed.2d 694 (1966); *see generally* White, *Police Trickery in Inducing Confessions,* 127 U.Pa.L.Rev. 581 (1979).

Based on the foregoing findings, we hold that appellant's statement was properly admitted.

The findings of guilty and the sentence are affirmed.

Judge FELDER and Judge NAUGHTON concur.